

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JESSICA WALTON                                 PLAINTIFF

V.                                                  CAUSE NO. 3:16cv536DPJ-FKB

HRI PROPERTIES, LLC,                      DEFENDANT
ABC CORPS. 1-5 AND JOHN DOES 1-5

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, Jessica Walton, by and through her attorneys of record and files this Complaint against Defendants, HRI Properties, LLC, ABC Corps. 1-5, John Does 1-5, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and would show unto the Court the following particulars, to wit:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to former employee Jessica Walton, who was adversely affected by such practices. Plaintiff alleges that Defendants, HRI Properties, LLC retaliated against her by refusing to return her to work after she complained about being subject to different terms and conditions of employment than her Caucasian co-workers, thereby effectively terminating her employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,1337,1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division. Venue in this district is proper for the Defendants pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

3. Plaintiff, Jessica Walton, is an adult resident of Hinds County, Mississippi, residing at 117 North Brighton Drive, Jackson, MS 39201.

4. Defendant, HRI Properties, LLC, is a for profit foreign business not registered to do in the State of Mississippi, having its principle office address at 1209 Orange Street Wilmington, DE 19801. This defendant may be served through its registered agent, Ray T. Spadafora at 812 Gravier Street, Suite 200, New Orleans, LA 70112.

5. John Does 1-5 and ABC Corps. 1-5 Defendants are individuals or corporations whose identities cannot be determined at this time. These Defendants were hired and paid agents or employees of the named Defendants who, at all relevant times, were responsible for and or involved in the employment practices as alleged by the Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will amend and insert the exact name and identity of each of the Defendant Does and Corps. when ascertained.

6. At all relevant times Defendants have continuously had at least 15 employees.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Jessica Walton ("Jessica") filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII by HRI Properties. The EEOC terminated its processing of Plaintiffs charge on April 4, 2016.

9. All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff has satisfied all statutory prerequisites for filing this action.

10. On or about August 6, 2014, the Plaintiff filed a timely Charge of Discrimination alleging discrimination based on race and retaliation with the EEOC. (A true and correct copy of EEOC Charge of Discrimination # 423-2104-01671, is attached hereto as Exhibit "1".)

11. On or about April 5, 2016, the Plaintiff received her "Dismissal and Notice of Rights" letter from the EEOC for her Notice of Right to Sue (Issued on Request). (A true and accurate copy of the EEOC "Notice of Right to Sue (*Issued on Request*)" letter for EEOC Charge of Discrimination 423-2014-01671, is attached hereto as Exhibit "2")

12. Defendants have interrelated operations, centralized control of labor, common management, and maintain common ownership and/or financial control with one another.

13. On or about November 3, 2009, the Plaintiff began her employment as a Part-time Bartender at Hilton Garden Inn Jackson which is managed and/or owned and/or operated by the named Defendants, although her status in the system on 7/3/14 listed her as "full-time."

14. That until on or about on or around May 2014, the Plaintiff routinely worked the approximate same hours per week.

15. Plaintiff continued working in her position until she was arbitrarily taken off the schedule; however never officially terminated.

16. Since 2010 the Plaintiff has sought to correct ongoing discrimination she encountered while being employed with the Defendant and or any subsidiaries thereof.

17. That the first such incident occurred in April of 2010, when the Plaintiff was wrongfully terminated for not covering a shift when she'd notified management in advance of her inability to be at work on that day.

18. The Plaintiff informed management of instances in which other white employees, on schedule, called in and were not terminated. One such instance occurred during the grand opening. This same employee walked out in the middle of a shift and was allowed to return; however quit his job just a week later.

19. That Plaintiff was reinstated shortly thereafter and received no reprimands up until December 2013.

20. That Hilton Garden Inn Jackson conducts an annual employee opinion survey which solicits responses from the employees. All employees are highly encouraged to participate.

21. That On or about November 11, 2013, the Plaintiff submitted a "less than positive" response to the survey by means of a link furnished by the Human Resources Director, Michelle Zamani who was attempting to have 100% participation from the employees.

22. That in the Plaintiff's evaluation, she suggested that because the property" employs 90% black workers that upper she believed HRI should hire an African American GM for the property and cater to the demographic of the city."

23. That in her evaluation, the Plaintiff also mentioned that she believed the management was unqualified.

24. That on at least two occasions after the survey, December 6, 2013 and December 10, 2013, the Plaintiff called the employee complaint, a forum that was supposed to be anonymous, to complain recent issues that had occurred on the property.

25. One such complaint was that the Plaintiff witnessed other white bartenders remove Hennessey and Remy Martin, drinks identified by them as black drinks, and inform black customers that they were out of those beverages to deter blacks from patronizing in the bar.

26. That after one such call, Michelle Zamani, HR Director for the property, commented to the Plaintiff "you called home office.  Someone from there should call to speak to you about your issues."

27. That the Plaintiff was shocked that Ms. Zamani was aware that she'd called this anonymous line.

28. That after making this observation, Ms. Zamani asked the Plaintiff not to report anything else to home office but to relay complaints directly to her.

29. That after this acknowledgment by Michelle Zamani, the Plaintiff began receiving reprimands.

30. On one such occasion, the general manager had given all employees permission to used "perk passes" to satisfy customers.  That on or about March 9, 2014, while working a shift, the Plaintiff applied a perk pass discount for a customer because the bar had run out of several items.  That Plaintiff made the decision to apply the discount, after being unable to locate the Food and Beverage Manager, Allison Pepper.  That the Plaintiff was reprimanded for providing the discount.

31. That Plaintiff was never allowed to use Allison Pepper's Void Codes to satisfy customers, but she routinely provided her void codes to Jonathan Dickinson, the white bartender to allow him to satisfy customer complaints.

32. That both the Plaintiff and Jonathan Dickinson were both part-time employees; however Mr. Dickinson continued to receive the majority of the work hours.

33. That the Plaintiff stopped receiving work hours although her name continued to appear on the schedule.

34. That the Plaintiff continued to turn in her availability, but the Defendant failed to provide her with any work hours even after Shaveka Jones, HR Director at that time, advised the food and beverage director to place her back on schedule.

35. That when the Plaintiff inquired to Lee Ann Benge, Vice President of Human Resources, she was informed that the hotel had no need for "additional workers beyond full-time." However, Mr. Dickinson remained on the schedule receiving approximately four (4) shifts a week.

36. That Mr. Dickinson continued to work for the Defendant until he voluntarily quit.

37. The effect of the unlawful conduct complained of in Plaintiff's Statement of Claims as set forth above, has been to derive Jessica of equal employment opportunities and otherwise adversely to affect her status as an employee.

38. The unlawful employment practices complained of in Plaintiff's Statement of Claims as set forth above were intentional

39. The unlawful employment practices complained of in Plaintiff's Statement of Claims as set forth above were done with malice or with reckless indifference to the federally-protected rights of Walton.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against those who engage in activity protected by Title VII.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employers to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement of Jessica.

D. Order Defendant Employers to make Plaintiff whole, by providing compensation for past and future pecuniary loses resulting from the unlawful employment practices described in Plaintiff's Statement of Claims as set forth above.

E. Order Defendant Employers to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Plaintiff's Statement of Claims as set forth above, including but not limited to emotional distress, embarrassment, humiliation and inconvenience, in amounts to be proven at trial.

F. Order Defendant Employers to pay Plaintiff punitive damages for its malicious or reckless conduct described in Plaintiff's Statement of Claims as set forth above, in amounts to be proven at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award Plaintiff costs for bringing this action.

## JURY TRIAL DEMANDED

The Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Dated: July 5, 2016

Respectfully submitted,

PLAINTIFF, Jessica Walton

By: _____
ELIZABETH CARR, ESQ., MSB#101579

BELLATOR LAW GROUP
215 KATHERINE DRIVE
FLOWOOD, MS 39232
(O) 601-933-0370
(F) 601-933-0374